UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STEVEN M. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.: 2:13-CV-340-TLS |
| v. | ) |
| | ) |
| JOHN BUNCICH, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Steven M. Johnson, proceeding pro se, filed a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Under federal pleading standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and internal citations omitted). Furthermore, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, Johnson alleges that due to very unsanitary conditions at the Lake County Jail, he contracted a painful and irritating skin condition called "scabies." He states that guards fail to

give out cleaning supplies when requested, and that when he complained about the lack of clean showers a guard brushed off his concerns. He further alleges that he had to share hair and nail clippers with an inmate with hepatitis C. The conditions he describes could give rise to a constitutional claim, but Sheriff John Buncich is the only Defendant named in the Complaint. There is nothing in the factual allegation from which it can be plausibly inferred that Sheriff Buncich was personally involved in these events. Rather, Johnson appears to be trying to hold the Sheriff liable as the official responsible for overseeing operations at the jail. (ECF No. 1 at 3.) However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and Sheriff Buncich cannot be held liable simply because he is a supervisory official at the jail. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). He references three different guards who rejected his grievances, but it is not clear if he is trying to sue these individuals, since he did not list them as defendants or provide documents needed for service on these individuals. Without more detail, it is not clear who he is trying to sue, and whether he can state a plausible deliberate indifference claim against any defendant.

      When a complaint is vague or lacking in necessary detail, the court is "within its rights" to dismiss the complaint with leave to replead. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). Accordingly, the Court will strike the Complaint and afford Johnson an opportunity to replead his claim. In his amended complaint, he may allege additional detail showing that the Sheriff was personally involved in these events and/or he may name other defendants who were personally involved in these events. He should explain in his own words what happened, where

it happened, when it happened, and who was involved, providing as much detail as possible. He should explain how each defendant was personally involved in the violation of his rights. If he names additional defendants, he must provide properly completed summons and USM-285 forms for each one. He has already provided these documents for Sheriff Buncich and it is unnecessary for him to do so again.

For these reasons, the Court:

(1) **STRIKES** the Complaint (ECF No. 1);

(2) **DIRECTS** the Clerk to place this cause number on a blank prisoner Complaint 42 U.S.C. § 1983 form and send it to the Plaintiff, along with 10 blank summons forms and 5 blank USM-285 forms;

(3) **GRANTS** the Plaintiff to and including November 18, 2013, to file an amended complaint and return properly completed summons and USM-285 forms for each defendant; and

(4) **CAUTIONS** him that if he does not respond by the deadline, this case is subject to dismissal without further notice for failure to prosecute.

SO ORDERED on October 8, 2013.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION